CYRUS H. LOTHROP *vs.* SUSANNAH SNELL & another.

No deduction is to be made from the amount of a promissory note given in payment of land conveyed with a covenant of warranty against any person claiming under the grantor, if the grantee and maker of the note has never been disturbed in the possession and enjoyment of the estate so conveyed.

THIS was an action on a promissory note given by Susannah Snell and Caleb Badger, to Cyrus Lothrop, and by him indorsed to the plaintiff. The answer alleges that the note was given as the consideration of real estate conveyed by said Cyrus Lothrop to Susannah Snell, with a covenant of warranty against all claims arising from or under said Cyrus, and avers that at the time of such conveyance, he had made a prior conveyance of part of the land to one Sarah Ann

Pike, who now holds the same; and the defendants claimed a deduction of an amount from the note equal to the value of the land so held by said Pike.   At the trial in the court of common pleas, before *Byington,* J. the plaintiff read in evidence the note, which bears date March 25th, 1848, for nine hundred dollars, signed by the defendants, and payable to said Cyrus Lothrop, or order, by instalments; namely, two hundred dollars in one year, and interest, and one hundred and fifty dollars each successive year until paid, and interest.   The note was indorsed to the plaintiff May 5th, 1851.   The writ was dated May 5th, 1852.

The plaintiff contended that if there was a partial failure of consideration it would be no defence to this action, because he was indorsee of the note for value, prior to the time of its becoming due.   On this point the court ruled, that as the defendant did not claim to make defence to the whole note, and as it appeared that three instalments had become due, amounting to five hundred dollars, prior to the time the note was transferred to the plaintiff, this defence might be made to so much of the note as had become due at the time of the transfer, but not to that part which had not fallen due.

The defendants produced the deed of Cyrus Lothrop to Susannah Snell, one of the defendants, bearing date the 25th of March, 1848, being a deed of release and quitclaim with the following covenant: " To have and to hold the aforementioned premises, with all the privileges and appurtenances thereto belonging to her, the said Susannah, her heirs and assigns forever, so that neither I, the said Cyrus Lothrop, nor his heirs or any other person or persons claiming from or under him or them, or in the name, right, or stead of him or them, shall or will by any way or means have, claim, or demand any right or title to the aforesaid premises or their appurtenances, or to any part or parcel thereof forever, and I will warrant the premises against all persons claiming by, through, or under me."

They also proved that said deed was the consideration of the note in suit.

They also offered a deed of a part of the same premises from

Cyrus Lothrop to Sarah Ann Pike and Catherine Smith, bear·ing date the 17th day of (no month stated,) 1847, as tenants in common. It also appeared in evidence that the said Pike and Smith were married women at the time of the conveyance to them, that afterwards and before the conveyance by said Lothrop to said Snell, said Smith and her husband recon· veyed their title to said Lothrop, and before the bringing of this action, the husband of said Pike had conveyed his right and title to said Lothrop, so that the only failure of title was, the right and title of Sarah Ann Pike, being a reversionary interest, if any thing, after the limitation of the life-estate of her husband, which he had conveyed to said Lothrop as aforesaid. It further appeared that said Snell had always remained and now was in possession of the premises, and said Pike had never claimed any title to the premises, and the said Lothrop, at the time of his said conveyance to said Snell, informed her of the title of Mrs. Pike. The defendants claimed that the said Sarah Ann Pike had a reversionary title and interest in an undivided half of the northerly part of the premises, together with the house and one acre on the southerly part, subject to the life-estate of her husband, in her right; and to this extent, there was a failure of title against which the said Cyrus had covenanted.

The plaintiff claimed on these facts, that there was not shown such failure of consideration as to entitle the defendants to a deduction from the note, there having no claim been made or enforced by said Pike, and no breach of any covenant of the said Cyrus contained in his deed to said Snell. But the court ruled that if the jury should find the consideration of the note was said Lothrop's deed to the defendant Snell, that the said Sarah Ann Pike had such a right and title in reversion, as to create, to that extent, a failure of the title which said Lothrop undertook to convey to said Snell, and that it would constitute a partial defence to the note, but that they could not allow a larger sum than was due and payable at the time the note was transferred to the plaintiff.

The jury having found a verdict for the plaintiff in conformity to said instructions, and having made a deduction from the

amount of the note of two hundred dollars, for failure of consideration, the plaintiff filed his exceptions to the ruling.

*T. G. Coffin,* for the plaintiff.

*E. Ames,* for the defendants.

BIGELOW, J.   The covenant in the deed from Cyrus Lothrop to Susannah Snell is a covenant of limited warranty, or, as it is sometimes termed, a covenant of non-claim . with a special warranty.   Rawle on Covenants for Title, 238; *Newcomb* v. *Presbrey,* 8 Met. 406; *Gibbs* v. *Thayer,* 6 Cush. 32. The defendants could maintain no action upon this covenant against Cyrus Lothrop until there was a breach, nor can they set off against the note in suit in the hands of the plaintiff a claim for damages which have never yet been suffered.   It is a familiar rule, that no action will lie on a covenant of warranty or non-claim, until an eviction or ouster can be shown.   In the present case, there was not only no evidence to show a breach of the covenant of Cyrus Lothrop, but it appeared that the grantee had never been disturbed in her possession and enjoyment of the estate conveyed to her.   Upon this state of facts, the plaintiff was clearly entitled to recover the full amount due on the note, and the court below erred in instructing the jury to make any deductions therefrom.

*Exceptions sustained.*